IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| JAMES H. LARSEN,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF UTAH and PROVO PROSECUTORS,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION & ORDER ALLOWING PLAINTIFF TO AMEND COMPLAINT**<br><br>Case No.  2:26-cv-00005<br><br>**District Court Judge Anne Marie McIff Allen**<br><br>**Magistrate Judge Dustin B. Pead** |

Before the court is pro se Plaintiff James H. Larsen's ("Mr. Larsen") complaint.[1] Mr. Larsen has been permitted to temporarily proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute") while the court screens his pleading.[2] Accordingly, the court now screens Plaintiff's complaint and reviews the sufficiency of Mr. Larsen's pleading under the authority of the IFP Statute. Based upon the analysis set forth below, the court orders Mr. Larsen to file an amended complaint no later than February 18, 2026.

## BACKGROUND

Mr. Larsen names the State of Utah and "Provo Prosecutors" as Defendants (collectively, "Defendants").[3] Using a form civil rights complaint, Mr. Larsen brings his action under 28 U.S.C.

---

[1] ECF No. 1, Complaint.

[2] ECF No. 5, Order Temporarily Granting Motion to Proceed IFP; 28 U.S.C. § 1915.

[3] *See generally,* ECF No. 1.

§ 1983. Mr. Larsen has checked the boxes on the form indicating he is suing the State of Utah and Provo Prosecutors in their official capacity.[4] Mr. Larsen's complaint contains the following allegation against Defendants:

> [F]alse testimony given by Paul Robertson he said I lunged at him. I did not. He said I was the aggressive one. The truth is based man started[.] He (Paul) started the whole thing but he said I did. I was the victim. They believe the liar and ignored my [illegible] . . .their . . .charges of.[5]

## **LEGAL STANDARDS**

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[6] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[7] Under that standard, the court "look[s] for plausibility in th[e] complaint."[8] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[9]

---

[4] ECF No. 1 at 2.

[5] *Id.* at 4.

[6] 28 U.S.C. § 1915(e)(2)(B)(ii).

[7] Fed. R. Civ. P. 12(b)(6).

[8] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[9] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (other quotations and citation omitted) (second and third alterations in original)).

Additionally, Federal Rule of Civil Procedure 8 is incorporated in the court's Rule 12(b)(6) analysis.[10] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[12] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[14] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[15]

In analyzing Mr. Larsen's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[16] However, it is not "the proper function of

---

[10] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010); Fed. R. Civ. P. 8.

[11] Fed. R. Civ. P. 8(a)(2).

[12] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 557) (alteration in original).

[13] *Id.*

[14] *Twombly,* 550 U.S. at 555.

[15] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n. of Kan.,* 891 F.2d 1471, 1480 (10th Cir. 1989).

[16] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see e.g., Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

the district court to assume the role of advocate for the pro se litigant,"[17] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[18] Indeed, as the Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[19]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend."[20]

## **ANALYSIS**

Under the foregoing standards, the court concludes, for the following reasons, that Mr. Larsen's complaint fails to satisfy the minimum pleading requirements of Rule 8(a)(2).

First, while Mr. Larsen identifies 42 U.S.C. § 1983 as the basis for his claims, he has not identified a federal constitutional right which has been violated. "In order to state a 42 U.S.C.S.

---

[17] *Id.* at 1110 (citation omitted).

[18] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[19] *Bellmon,* 935 F.2d at 1110 (quotations and citations omitted).

[20] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

§ 1983 claim, a plaintiff must allege the violation of a constitutional right, and must show that the alleged deprivation was committed by a person acting under color of state law."[21]

Second, Mr. Larsen fails to provide any coherent factual allegations that could support a claim against Defendants. Plaintiffs has "the burden of alleging sufficient facts on which a recognized legal claim could be based."[22] Without any clear factual allegations, the court is unable to draw a reasonable inference that Defendants have engage in unlawful conduct. Specifically, Plaintiff fails to allege *who* did *what* to *whom* and *when*.[23]

Third, Mr. Larsen fails to establish municipal liability. Claims against municipal prosecutors in their official capacities are effectively claims against the municipality.[24] There are three requirements for municipal liability under § 1983: "(1) the existence of an official policy or custom; (2) a direct causal link between the policy or custom and the constitutional injury; and (3) that the defendant established the policy with deliberate indifference to an almost inevitable constitutional injury."[25] Mr. Larsen does not identify any of the necessary requirements for establishing municipal liability.

---

[21] *Bennett v. Johnson,* 500 Fed. Appx. 776, 778 (10th Cir. 2012) (unpublished).

[22] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (citation modified).

[23] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007) (to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

[24] *Watson v. Kansas City,* 857 F.2d 690, 695 (10th Cir. 1988) ("A [§ 1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").

[25] *Soto v. Bd. of County Comm'rs of Caddo County,* 748 F. App'x 790, 793-94 (10th Cir. 2018) (unpublished).

Finally, the State of Utah is not a proper Defendant under 42 U.S.C. § 1983. Section 1983 provides a remedy against a "person" who violated federal rights while acting "under color of" state law.[26] Thus, "[n]either the state, nor a governmental entity that is an arm of the state. . ., nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983."[27]

The court recognizes, however, that dismissal of a pro se complaint is proper only "if it is obvious that [he] cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[28] Accordingly, the court affords Mr. Larsen an opportunity to amend his complaint. Mr. Larsen must file an amended complaint that complies with the requirements set forth above on or before February 18, 2026. Failure to do so will result in dismissal of this action.

## **CONCLUSION AND ORDER**

The court ORDERS as follows:

1. Mr. Larsen is ordered to file an amended complaint by February 18, 2026. The words "Amended Complaint" should appear in the caption of the documents.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Mr. Larsen's failure to file an amended complaint may result in dismissal of this action.

---

[26] 42 U.S.C. § 1983; *JoJola v. Chavez,* 55 F.3d 488, 492 (10th Cir. 1995).

[27] *Harris v. Champion,* 51 F.3d 901, 905-06 (10th Cir. 1995).

[28] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

4. Other than an amended complaint, the restriction on filing other documents set forth in the court's January 6, 2026 order remains in place.[29]

5. Mr. Larsen's motion to proceed in forma pauperis is TEMPORARILY GRANTED.[30]

**IT IS SO ORDERED**

DATED this 28th day of January 2026.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

[29] ECF No. 5, Order.

[30] ECF No. 2.